IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE L. SMITH,
    Plaintiff,

vs.                                      Case No.:  3:14cv173/LAC/EMT

WARDEN COMERFORD, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's "Motion to Inform this Honorable Court about Plaintiff's Safety Concerns for Himself, and the Fact that He's Still in Immediate Danger!" (doc. 28). Plaintiff initiated this action by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983, against the warden and several correctional officers at Santa Rosa Correctional Institution (*see* doc. 1). At the time he filed his complaint, on April 6, 2014, he was housed at Santa Rosa C.I. (*see id.*).[1] However, he has been housed at Union Correctional Institution since October of 2014 (*see* doc. 14).

        The court is in the process of screening Plaintiff's complaint(s), as required by 28 U.S.C. § 1915(e)(2)(B), and has provided Plaintiff several opportunities to correct pleading deficiencies in his complaint (*see* docs. 12, 15, 22). Plaintiff has attempted to correct those pleading deficiencies by filing amended complaints (docs. 16, 24). On March 2, 2015, the court screened Plaintiff's Second Amended Complaint (doc. 24), determined that his allegations still fail to state a plausible claim for relief against one or more of the named Defendants, and provided Plaintiff an opportunity to clarify his allegations in a third amended complaint (doc. 26). The deadline for Plaintiff to file a third amended complaint is April 2, 2015 (*see id.*).

        Plaintiff filed the instant motion on March 3, 2015 (*see* doc. 28). In this motion he alleges he is being "constantly harassed" by officers at Union C.I. (*id.*). He alleges officers at Santa Rosa C.I.

---

[1] As noted *infra*, Plaintiff has since filed amended complaints (*see* docs. 16, 24).

have "been in constant contact" with officers at Union C.I., and informed them that he has filed complaints against the Department of Corrections (*id.*). He alleges the Santa Rosa officers have "intice[d]" officers at Union C.I. to physically harm him, and the Union officers have been constantly threatening to harm him (*id.*). Plaintiff alleges he was the victim of excessive force at Union C.I. in 2013 (*id.*). He requests that the court contact the warden of Union C.I. and direct her to "notify her staff to respect [his] civil rights" (*id.*). Plaintiff states he is in "grave immediate danger!" (*id.*). He provides the court with the name and telephone number of the warden at Union C.I. (*id.*).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted; Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He requests relief from conduct that is allegedly occurring nearly two years after the conduct of which he complains in his Second Amended Complaint, and which is allegedly being perpetrated by persons who are not named as Defendants.[2] Plaintiff failed to satisfy his burden of showing that the relief sought in the instant motion is closely related to the conduct complained of in the actual complaint, and he failed to show that the persons from whom the injunctive relief is sought are parties to the underlying action. Therefore, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion to Inform this Honorable Court about Plaintiff's Safety Concerns for Himself, and the Fact that He's Still in Immediate Danger!" (doc. 28) be **DENIED**.

At Pensacola, Florida, this 12th day of March 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] In the Second Amended Complaint, Plaintiff claims that Defendant Officers Burke and Pratt, both of whom are officers at Santa Rosa C.I., deprived him of breakfast on 40 days during an 81-day period from April to June of 2013 (*see* doc. 24). He alleges Defendant Lieutenant Bird, also an officer at Santa Rosa C.I., used excessive force against him on several occasions during that time (*id.*). Plaintiff claims that the officers' conduct violated the Eighth Amendment, and his rights to due process and equal protection (*id.*). He seeks monetary damages and a change in his custody status (*id.*). In the instant motion, Plaintiff does not allege that Officer Burke, Officer Pratt, or Lieutenant Bird is now at Union C.I., let alone that any of those officers are allegedly threatening him at Union C.I.

Case No.: 3:14cv173/LAC/EMT